# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

JUSTIN A. BOBB,

      Petitioner,

  v.                                                    CASE NO. 2:08-cv-0645
                                                          JUDGE SARGUS
                                                          MAGISTRATE JUDGE KING

ED VOORHIES, Warden,

      Respondent.

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the petition, Doc. No. 1, respondent's return of writ, Doc. No. 5, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that counsel be appointed to represent petitioner at an evidentiary hearing on his claim that he was denied the effective assistance of counsel due to his attorney's failure to file a timely appeal after being requested to do so.

## PROCEDURAL HISTORY

Petitioner was indicted by the October 2006 term of the Muskingum County grand jury on charges of aggravated burglary in violation of O.R.C. §2911.11(A)(1), robbery in violation of O.R.C. §2911.02(a)(2), and four counts of theft in violation of O.R.C. §2913.02(A)(1). *Exhibit 1 to Return of Writ*. On December 29, 2006, and while represented by counsel, petitioner pleaded guilty. *Exhibits 2 and 3 to Return of Writ*. On February 12, 2007, the trial court sentenced petitioner to an aggregate term of seven years incarceration. *Exhibit 4 to Return of Writ*. Petitioner did not file a timely appeal but, on December 6, 2007, he filed a motion for delayed appeal. As cause for his

untimely filing, petitioner alleged that he had requested that his attorney file an appeal but that "[c]ounsel refused to file a requested appeal on behalf of the Defendant." *Exhibit 5 to Return of Writ*. On January 25, 2008, the appellate court denied petitioner's motion for delayed appeal. *Exhibit 7 to Return of Writ*. Petitioner filed a timely appeal to the Ohio Supreme Court. *Exhibits 8 and 9 to Return of Writ*. On June 6, 2008, the Ohio Supreme Court declined jurisdiction to hear the matter and dismissed the appeal as not involving any substantial constitutional question. *Exhibit 11 to Return of Writ*.

On July 2, 2008, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. Pursuant [to] Article VI, of the United State[s] Constitution, all State Court Judges are "bound" by Federal Law, Constitution and Treaties. *See Kelm v. Hyatt*, (6th Cir. 1995), 44 F.3d 415, 420.
>
> 2. Petitioner that has been deprived his Constitutional Right of the Effective Assistance of Trial Counsel has been deprived his rights of Due Process of law and Equal Protection of law. U.S.C.A. Const. Amends V, VI, and XIV.
>
> 3. Petitioner was deprived of his Substantial and Constitutional Right[] to Due Process and Equal Protection of law, because the trial Court imposition [sic] of consecutive sentences is contrary to law, pursuant but not limited to O.R.C. §2941.25, and is plain error pursuant to Crim. R. 52(B).
>
> 4. The trial court committed plain prejudicial reversible error, depriving the Petitioner of his Substantial right[]s and his 5th, 6th, and 14th Amendment Right[]s guaranteed him under the United States Constitution, when the trial court imposed consecutive sentences contrary to law that required strict compliance of R.C. 2929.11 through 2929.19 after the *Foster* severance.

It is the position of the respondent that petitioner's claim of ineffective assistance of trial counsel

2

remains unexhausted, and that petitioner's remaining claims have been waived or are without merit.

## EXHAUSTION

Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir.1993). If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. §2254(b),(c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *Manning v. Alexander,* 912 F.2d 878, 881 (6th Cir.1990). Where alternative state remedies are available to consider the same claim, exhaustion of one of these remedies is all that is necessary. A habeas petitioner bears the burden of demonstrating that he has properly and fully exhausted his available state court remedies with respect to the claims he seeks to present for federal habeas review. *Prather v. Rees*, 822 F.2d 1418, 1420 n. 3 (6th Cir.1987). The total exhaustion rule of *Rose v. Lundy*, 455 U.S. 509, 522 (1985), requires federal courts to dismiss without prejudice habeas corpus petitions containing both exhausted and unexhausted claims, *see Rhines v. Weber,* 544 U.S. 269, 274 (2005), unless it appears that the statute of limitations will bar the re-filing of the habeas corpus petition. *See id.* Under such circumstances, a stay of proceedings may be appropriate under limited circumstances:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

3

> Cf. 28 U.S.C. §2254(b) (2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Id.,* at 277.

In claim two, petitioner asserts that he was denied the effective assistance of counsel because his trial attorney failed to file an appeal after having been requested to do so. Citing *State v. Gover*, 71 Ohio St.3d 577, 580-81 (1995) and *Steed v. Salisbury*, 459 F.2d 475 (6th Cir. 1972), respondent contends that these claims remain unexhausted because the allegations are properly raised in a petition for post conviction relief pursuant to O.R.C. §2953.21.

In *State v. Gover, supra,* the Ohio Supreme Court held that a claim regarding the trial court's failure to notify appellate counsel of the appointment which resulted in an untimely appeal was properly raised in post conviction proceedings, rather than in a Rule 26(B) application, since the claim related to the "pre-appellate" process. *Id.*, at 580. In *Steed v. Salisbury, supra,* the United States Court of Appeals for the Sixth Circuit dismissed as unexhausted a petition alleging denial of effective assistance of counsel and of the right to appeal based upon counsel's failure to notify the defendant of his withdrawal from the case; the claim had not been previously raised in the state courts and could therefore still be raised in post conviction proceedings. *Id.,* at 476.

Here, however, petitioner alleged in his motion for a delayed appeal:

> I did ask counsel to file an appeal in regards to any unconstitutional violation[]s that may have resulted in this case in connection with *State v. Foster*.
>
> \*\*\*
>
> I did not receive the Judgment Entry in time to file the appeal timely, [due] to no fault of my own.

4

> Counsel refused to file a requested appeal on behalf of the Defendant.

*Exhibit 5 to Return of Writ.* The appellate court denied petitioner's motion for delayed appeal:

> Appellant seeks to appeal the trial court's judgment of February 12, 2007. He states his attorney refused to assist him in perfecting an appeal.
>
> \*\*\*
>
> In this case, Appellant plead and was sentenced almost one year ago and has failed to present any reason to justify such a delay in requesting to be permitted to appeal. His assertion that the delay was caused by his attorney's failure to render assistance leads the Court to believe Appellant was aware of his right to appeal for months without taking any action.
>
> For the reasons stated above, Appellant has not established good cause for his delayed appeal and said application is denied.

*Exhibit 7 to Return of Writ.* Petitioner thereafter again asserted on appeal to the Ohio Supreme Court that he had been denied the effective assistance of counsel because his attorney failed to file a timely appeal after being requested to do so "at the close of the sentencing hearing." *See Exhibit 9 to Return of Writ.*

Thus, it appears that the state courts had an opportunity to address petitioner's claim of ineffective assistance of counsel. Moreover, the time period for filing a post conviction petition has long since expired and, before he could successfully do so, petitioner would be required to meet the requirements of O.R.C. §2953.23. The record does not reflect that petitioner could satisfy the standards of O.R.C. §2923.23. Under such circumstances, a stay of proceedings pending exhaustion would not be appropriate. *See Neville v. Dretke*, 423 F.3d 474, 480 (5th Cir.2005) (claims are "plainly meritless" for purposes of deciding whether to grant a stay of habeas corpus proceedings where the petitioner is procedurally barred from raising unexhausted claims in the state courts.)

The exhaustion requirement does not require a "meaningless foray through local tribunals," *see Landrum v. Com. of Ky.,* 380 F.Supp. 1338, 1339 (E.D. Ky. 1974), or "repetitious applications to the state courts for relief." *Keener v. Ridenour*, 594 F.2d 581, 584 (6th Cir. 1979). *But see Hargrove v. Wolfe,* 2009 WL 1850330 (S.D. Ohio, June 24, 2009) (concluding under similar circumstances that the only claim properly before the federal habeas court was petitioner's claim of denial of the right to appeal because of defense counsel's alleged failure to file a timely appeal after a request to do so).

Further, the failure of an attorney to file a timely appeal after having been requested to do so by a defendant constitutes the ineffective assistance of counsel.

> [E]very Court of Appeals that has addressed the issue has held that a lawyer's failure to appeal a judgment, in disregard of the defendant's request, is ineffective assistance of counsel regardless of whether the appeal would have been successful or not. *See Castellanos v. United States*, 26 F.3d 717, 719 (7th Cir.1994); *United States v. Peak*, 992 F.2d 39, 42 (4th Cir.1993); *United States v. Horodner*, 993 F.2d 191, 195 (9th Cir.1993); *Bonneau v. United States*, 961 F.2d 17, 23 (1st Cir.1992); *United States v. Davis*, 929 F.2d 554, 557 (10th Cir.1991); *Williams v. Lockhart,* 849 F.2d 1134, 1137 n. 3 (8th Cir.1988). We agree with those courts and hold that the failure to perfect a direct appeal, in derogation of a defendant's actual request, is a *per se* violation of the Sixth Amendment.

*Ludwig v. United States,* 162 F.3d 456, 459 (6th Cir.1998).

> [A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable. *See Rodriquez v. United States*, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969); *cf. Peguero v. United States*, 526 U.S. 23, 28, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999) ("[W]hen counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit"). This is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice. Counsel's failure to do so cannot be considered a strategic decision; filing a notice of appeal is a purely ministerial task, and the failure to file

> reflects inattention to the defendant's wishes.

*Roe v. Flores-Ortega,* 528 U.S. 470, 478 (2000).

Therefore, because petitioner has alleged facts that, if true, may entitle him to relief and because the Court concludes that petitioner fairly presented this claim to the state courts in his motion for delayed appeal and in his subsequent appeal to the Ohio Supreme Court, the Magistrate Judge **RECOMMENDS** that counsel be appointed to represent petitioner at an evidentiary hearing on his claim that he was denied the effective assistance of counsel because of his attorney's alleged failure to file a timely appeal.

If any party objects to this *Report and Recommendation,* that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision,

they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.


December 3, 2009                                                 *s/Norah McCann King*
                                                                                                                                Norah McCann King
                                                                                                                                United States Magistrate Judge