IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JUSTIN A. BOBB,

    Petitioner,

v.

    CASE NO. 2:08-CV-0645
    JUDGE SARGUS
    MAGISTRATE JUDGE KING

ED VOORHIES, Warden,

    Respondent.

## OPINION AND ORDER

On December 3, 2009, the Magistrate Judge issued a *Report and Recommendation* recommending that counsel be appointed on petitioner's behalf to represent him at an evidentiary hearing on his claim that he was denied the effective assistance of counsel because his attorney failed to file an appeal after having been requested to do so.

Although the parties were explicitly advised of the right to object to the Magistrate Judge's *Report and Recommendation,* and of the consequences of failing to do so, petitioner has filed no objections.

Respondent has filed objections to the Magistrate Judge's *Report and Recommendation.* Doc. No. 9. For the reasons that follow, respondent's objections are **OVERRULED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.**

Respondent objects to the Magistrate Judge's recommendation that an evidentiary hearing be held. Respondent objects to the Magistrate Judge's determination that petitioner fairly presented his claim to the state courts in a motion for leave to file a

delayed appeal and in his subsequent appeal to the Ohio Supreme Court. Respondent

again contends that petitioner's claim is unexhausted, because he may still pursue a

delayed post conviction petition. Alternatively, citing *Beard v. Kindler*, 103 S.Ct. 612 (2009),

respondent contends that petitioner's claim is procedurally defaulted because the state

appellate court denied petitioner's motion for delayed appeal.

Pursuant to 28 U.S.C. §636(b), this Court has conducted a *de novo* review of the file,

the *Report and Recommendation* and respondent's objections. This Court is not persuaded

by respondent's arguments. As noted by the Magistrate Judge, petitioner provided the

state courts sufficient opportunity to rule on his claim, which he asserted as cause for the

untimely filing of his direct appeal. Further, petitioner cannot meet the standards of O.R.C.

§2923.23 for consideration of his claim in delayed post conviction proceedings.

In *Beard v. Kindler, supra,* the United States Supreme Court held that a state

procedural rule is not automatically inadequate "under the adequate-state-grounds

doctrine – and therefore unenforceable on federal habeas corpus review – because the state

rule is discretionary rather than mandatory." *Id.* at 615. *See also Maupin v. Smith*, 785 F.2d

135, 138 (6th Cir. 1986).

> We hold that a discretionary state procedural rule can serve as
> an adequate ground to bar federal habeas review. Nothing
> inherent in such a rule renders it inadequate for purposes of
> the adequate state ground doctrine. To the contrary, a
> discretionary rule can be "firmly established" and "regularly
> followed"-even if the appropriate exercise of discretion may
> permit consideration of a federal claim in some cases but not
> others. *See Meltzer, State Court Forfeitures of Federal Rights,* 99
> Harv. L.Rev. 1128, 1140 (1986) ("[R]efusals to exercise
> discretion do not form an important independent category

under the inadequate state ground doctrine").

A contrary holding would pose an unnecessary dilemma for the States: States could preserve flexibility by granting courts discretion to excuse procedural errors, but only at the cost of undermining the finality of state court judgments. Or States could preserve the finality of their judgments by withholding such discretion, but only at the cost of precluding any flexibility in applying the rules.

We are told that, if forced to choose, many States would opt for mandatory rules to avoid the high costs that come with plenary federal review. *See, e.g.,* Brief for State of California et al. as *Amici Curiae* 19; Brief for Criminal Justice Legal Foundation as *Amicus Curiae* 14. That would be unfortunate in many cases, as discretionary rules are often desirable. In some circumstances, for example, the factors facing trial courts "are so numerous, variable and subtle that the fashioning of rigid rules would be more likely to impair [the trial judge's] ability to deal fairly with a particular problem than to lead to a just result." *United States v. McCoy,* 517 F.2d 41, 44 (CA7) (Stevens, J.), cert. denied, 423 U.S. 895, 96 S.Ct. 195, 46 L.Ed.2d 127 (1975); *see also* Friendly, *Indiscretion About Discretion,* 31 Emory L.J. 747, 760-761 (1982). The result would be particularly unfortunate for criminal defendants, who would lose the opportunity to argue that a procedural default should be excused through the exercise of judicial discretion. *See Henry v. Mississippi,* 379 U.S. 443, 463, n. 3, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965) (Harlan, J., dissenting) ("If, in order to insulate its decisions from reversal by this Court, a state court must strip itself of the discretionary power to differentiate between different sets of circumstances, the [adequate state ground] rule operates in a most perverse way").

*Beard v. Kindler, supra,* at 618.  The Supreme Court emphasized that its holding in *Beard* is narrow.  *Id.,* at 619.

However, in *Deitz v. Money,* 391 F.3d 804, 810-11 (6th Cir. 2004), the United States Court of Appeals for the Sixth Circuit held:

3

[W]e conclude that the state court's refusal to allow him to file a delayed appeal under Rule 5(A) does *not* constitute an "adequate" ground to bar habeas review. *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir.1986) (holding that a procedural forfeiture must be based on an "adequate and independent" ground on which the state can rely to foreclose review of a federal constitutional claim). The district court denied Deitz's motion because he "failed to set forth sufficient reasons for having failed to perfect a timely appeal." But Rule 5(A) does not specify the criteria the courts should use in determining whether to grant a delayed appeal. Instead, it simply requires that the defendant set forth the reasons for the failure to perfect an appeal of right.

The decision to grant or deny a motion for leave to appeal pursuant to rule 5(A) is therefore solely within the discretion of the appellate court. *State v. Fisher*, 35 Ohio St.3d 22, 517 N.E.2d 911, 914 (1988). A rule that grants such discretion to the courts is not "firmly established and regularly followed" so as to be adequate within the meaning of *Maupin. See Hutchison v. Bell*, 303 F.3d 720, 738 (6th Cir.2002) (ruling that a Tennessee procedure was adequate for purposes of enforcing a procedural bar because "Tennessee's due process exception does not grant unfettered discretion to state courts in applying procedural default rules.").

... Rule 5(A) does not set a time limit for the filing of a delayed appeal. Although some Ohio courts have refused to grant motions for leave to file a delayed appeal because of the undue lapse of time, others have allowed appeals long after the time for filing a direct appeal has expired. *Compare State v. Robinson*, No. 04AP-713, 2004 WL 1945687 (Ohio Ct.App. Sept. 2, 2004) (unpublished) (holding that a three-and-a-half-year delay in filing a motion was unreasonable), with *State v. Simmons*, No. 69238, 1997 WL 83124 (Ohio Ct.App. Feb. 27, 1997) (unpublished) (noting that a motion to file a delayed appeal had been granted in the case more than five years after the defendant pled guilty).

This Court is not persuaded that *Beard* has effectively overruled *Deitz v. Money, supra.* The holding in *Deitz* appears to be based on the fact that Ohio's Rule 5(A) is not only

discretionary, but offers no criteria for the exercise of discretion and is, further, inconsistently enforced. *See id.; Bostik v. Stevenson*, 589 F.3d 160, 165 n.6 (4th Cir. 2009)(declining to apply *Beard* to state rule that was arbitrarily enforced by the state courts).

For all the foregoing reasons, and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, respondent's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. Counsel will be appointed on petitioner's behalf to represent him at an evidentiary hearing on his claim that he was denied the effective assistance of counsel because his attorney failed to file an appeal after having been requested to do so.

**IT IS SO ORDERED.**

1-21-2010
Date

EDMUND A. SARGUS, JR.
United States District Judge